Jennifer Chang, Esq. (JC-5716)
**KROLL HEINEMAN CARTON, LLC**
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Tel: (732) 491-2100
Fax: (732) 491-2120
*Attorneys for Petitioners*

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | | |
|---|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, | : | Hon. |
| | : | Civil Action No. 19- |
| Petitioners, | : | |
| | : | **CIVIL ACTION** |
| v. | : | **PETITION TO CONFIRM CONSENT** |
| | : | **ARBITRATION AWARD AND** |
| JRC CONSULTING GROUP, LLC, | : | **ORDER AND ENTRY OF JUDGMENT** |
| | : | |
| Respondent. | : | |
| | : | |

Petitioners New Jersey Building Laborers' Statewide Benefit Funds ("Funds") and the Trustees thereof ("Trustees")(collectively, "Petitioners"), by their undersigned attorneys, as and for their Petition, allege and say:

1.      Petitioners move before this Court for an Order, pursuant to the Federal Arbitration Act, 9 U.S.C.A. §§ 9 and 13 ("FAA"), confirming the award of the Arbitrator in the matter of the arbitration between Petitioners and JRC Consulting Group, LLC ("Respondent"), and directing that judgment be entered accordingly. This Petition is made on the following grounds.

2.      At all times relevant, the Funds were, and still are, trust funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and employee benefit plans within the

meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(d). The Funds are administered at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

3.     At all times relevant, the Trustees were, and still are, fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 USC § 1002(21)(A). The Trustees maintain their principal place of business at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

4.     At all times relevant, Respondent was, and still is, a business entity duly organized and existing under the laws of the State of New Jersey, with a principal place of business located at 102 Michaels Court, Hammonton, New Jersey 08037.

5.     The jurisdiction of this Court is based upon Section 502(e) of ERISA, 29 U.S.C. § 1132(e), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. Venue is proper in this District pursuant to 29 U.S.C. 1332(e)(2), because Petitioners maintain their principal offices in New Jersey and the underlying arbitration took place in New Jersey.

6.     Respondent is a signatory to a Collective Bargaining Agreement ("CBA") by virtue of a Short Form Agreement ("SFA"). A copy of the relevant portions of the CBA and the SFA are attached hereto as Exhibits "A" and "B", respectively.

7.     Respondent is also bound by the Declaration of Trust of the New Jersey Building Laborers' Statewide Benefit Funds. A copy of the pertinent portions of the applicable Trust Agreement is attached hereto as Exhibit "C".   Under the terms of the applicable CBA and Trust Agreement, Respondent is required to make contributions to the Funds. In accordance with the CBA, J.J. Pierson, Esq., has been appointed as the Arbitrator to resolve claims of delinquent contributions owed to the Funds.

2

8.      On or about October 30, 2018, after finding that the Petitioners and the Respondent had consented to the terms of a Consent Arbitration Award and considering all of the evidence presented in connection therewith, the Arbitrator issued a Consent Arbitration Award and Order in writing, a copy of which is attached hereto as Exhibit "D". The Consent Arbitration Award was executed by an individual who had the authority to bind Respondent. By entering into the Consent Arbitration Award, the Respondent: acknowledged it is bound to the CBA; it is delinquent in remitting fringe benefit contributions; and consents to the entry of a Judgment against it and in favor of Petitioners, in the event it fails to make all payments as required under the terms of the Consent Arbitration Award.

9.      Notwithstanding the Consent Arbitration Award and Order of the Arbitrator, Respondent has failed to make the payments as required.

10.     Pursuant to the terms of the Consent Arbitration Award, Respondent was required to pay $66,175.70 in eleven monthly payments. At this time, a balance of $14,148.80 remains outstanding.

11.     On or about October 22, 2019, Petitioners noticed Respondent of default under the Consent Arbitration Award. Pursuant to the terms of the Consent Arbitration Award, Respondent had five (5) days from the date the notice of default to cure its default by paying all monies then due. A true and correct copy of the Notice of Default is attached hereto as Exhibit "E".

12.     To date, Respondent has not cured its default under the Consent Arbitration Award. Pursuant to the terms of the Consent Arbitration Award and Trust Agreement, upon default, Respondent is liable for liquidated damages in the amount of twenty (20) percent and

3

attorneys' fees in the amount of twenty-five (25) percent of the remaining outstanding delinquency upon default. Accordingly, liquidated damages in the amount of $2,829.76, and attorneys' fees in the amount of $3,537.20 are to be awarded.

13.     The Judgment entered in this matter should therefore be $20,515.76, that amount being comprised of $14,148.80 in delinquent contributions, $2,829.76 in liquidated damages, and $3,537.20 in attorneys' fees.

**WHEREFORE,** Petitioners respectfully move this Court to proceed expeditiously and without a hearing under F.R.C.P. 78(b), and to enter an order confirming said arbitration award, directing that judgment be entered thereon and awarding such other relief as the Court may deem equitable and just.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Petitioners*

*/S/ JENNIFER CHANG*

By:     _____

JENNIFER CHANG

Dated:   December 20, 2019

4

# Exhibit A

## AGREEMENT

### Preamble

WHEREAS, this Collective Bargaining Agreement (hereinafter the "Agreement") is entered into by the undersigned Employer (hereinafter "Employer") and the Building Laborers' District Councils and Local Unions of the State of New Jersey (hereinafter the "Union"), and

WHEREAS, the Building and Construction Laborers' District Councils and Local Unions of the State of New Jersey bound by this Agreement enter this Agreement individually and it is further understood that the liabilities of said District Councils and Local Unions shall be several and not joint; and

WHEREAS, it is the purpose of this Agreement to build, develop and maintain a harmonious working relationship between the Employer and the Unions in which the rights of both parties are recognized and respected and the work is accomplished with the efficiency, economy and quality that is necessary in order to expand the work opportunities of both parties.

NOW, THEREFORE, in consideration of the mutual covenants herein expressed, BE IT AGREED AS FOLLOWS:

### Article I: Recognition and Scope of Agreement

**1.10 Union Recognition** The Employer recognizes that the Building and Construction District Councils and Local Unions bound hereby represent a majority of em-

1

of all reassignments. It shall be the objective of both the Employer and the Union to make reasonable efforts to keep apprentices working so that they can complete the apprentice program and become journey workers in a reasonable amount of time.

An apprentice shall not be penalized for taking off from work to attend offsite training required by the JATC (although time off for training shall be unpaid).

### Article XIII: Portability

13.00 Portability.
The Employer, provided it has notified the local union in advance of the start of the project that the project was to begin and is otherwise in compliance with this Agreement and is not delinquent to the benefit or checkoff funds established hereunder, shall be allowed liberal portability of key employees subject, however, to the territorial local union's right to fair representation in the Employer's workforce for the project. Key employees are laborers who are members of a local union signatory to this Agreement who have worked for the Employer for at least eight weeks in the previous six months.

### Article XIV: Fringe Benefit Funds

14.00   New Jersey Building Laborers' Statewide Pension Fund.
All Employers bound by this Agreement shall contribute such amount as has been allocated by the parties to the

44

New Jersey Laborers' Statewide Pension Fund which will be administered in accordance with the applicable trust agreement.

14.10   New Jersey Building Laborers' Statewide Welfare Fund.
All Employers bound by this Agreement shall contribute such amount as has been allocated by the parties to the New Jersey Laborers' Statewide Welfare Fund which will be administered in accordance with the applicable trust agreement.

14.20   New Jersey Building Laborers' Statewide Annuity Fund.
All Employers bound by this Agreement shall contribute such amount as has been allocated by the parties to the New Jersey Laborers' Statewide Annuity Fund which will be administered in accordance with the applicable trust agreement.

14.30   New Jersey State Political Action Committee

All Employers bound by this Agreement shall deduct such amount as has been authorized from each employee's pay who signs an authorization for the New Jersey State Political Action Committee fund. Each laborers' local will be responsible for obtaining the signatures for these authorizations and for notifying the appropriate Employers which employees have authorized the political check off. Employers shall forward checkoff contributions to the fund as the specified rate in the same manner as they contribute to the fringe benefit funds established or main-

45

tained pursuant to this Agreement.

**14.40 Organizing Dues**
All Employers bound by this Agreement shall deduct such amount as has been authorized by the District Councils and/or Local Unions from each employee's pay who signs an authorization for the Laborers' Eastern Region Organizing Fund dues. Each laborers' local will be responsible for obtaining the signatures for these authorizations and for notifying the appropriate Employers which employees have authorized the organizing check off. Employers shall forward checkoff contributions to the fund as the specified rate in the same manner as they contribute to the fringe benefit funds established or maintained pursuant to this Agreement.

**14.45 Working Dues**
All Employers bound by this Agreement shall deduct such amount as has been authorized by the District Councils and/or Local Unions from each employee's pay who signs an authorization for working dues checkoff. Each laborers' local will be responsible for obtaining the signatures for these authorizations and for notifying the appropriate Employers which employees have authorized the organizing check off. Employers shall forward checkoff contributions to the fund as the specified rate in the same manner as they contribute to the fringe benefit funds established or maintained pursuant to this Agreement, or as otherwise directed by the District Councils.

**14.50 Laborers'-Employers' Cooperation and Education Trust**
All Employers bound by this Agreement shall pay such

amount as has been allocated by the parties to the Laborers'-Employers' Cooperation and Education Trust which will be administered in accordance with the applicable trust agreement. Employers shall contribute to this trust as the specified rate in the same manner as they contribute to the other fringe benefit funds.

**14.60 New Jersey Laborers' Health & Safety Fund**
All Employers bound by this Agreement shall pay such amount as has been allocated by the parties to the New Jersey Laborers' Health & Safety Fund which will be administered in accordance with the applicable trust agreement. Employers shall contribute to this trust as the specified rate in the same manner as they contribute to the other fringe benefit funds.

**14.70 Building Laborers' of New Jersey Training and Education Fund**
All Employers bound by this Agreement shall pay such amount as has been allocated by the parties to the Building Laborers' of New Jersey Training and Education Fund which will be administered in accordance with the applicable trust agreement. Employers shall contribute to this trust as the specified rate in the same manner as they contribute to the other fringe benefit funds.

**14.80 Building Contractors' Association of New Jersey Industry Advancement Fund**
(a) All Employers covered by the terms of this Agreement shall pay to the Building Contractors Association of New Jersey, its successors or assigns, hereinafter referred to as the "BCA/NJ", the sum of ten cents (S.10)

per hour for each of its employees covered hereunder.

(b)   Payments to the BCA/NJ are due and payable at the same time and in the same manner as the N.J. Building Laborers Training and Education Fund and shall be reported on the same remittance forms as are used by the Building Laborers Fringe Benefit Funds throughout the State of New Jersey.  All said forms shall be modified to reflect this payment requirement.  Upon reasonable notice, a copy of each monthly Employers' Remittance Reports shall be forwarded to the BCA/NJ if so requested.

(c)   In addition, the Union agrees to furnish the BCA/NJ copies of every signed individual collective bargaining agreements and/or acceptance of the terms and provisions of any collective bargaining agreement for work covered by this Agreement.

(d)   The Union(s) will use every legal method available to insure uniform compliance and application of this payment as it does for collection of other funds.

(e)   In consideration of the promises and obligations of the Employers to make contributions to the BCA/NJ, and in consideration of services to be directly and indirectly provided for such employers by the BCA/NJ, as determined by the BCA/NJ, and for the benefit of the construction industry generally, and for other good and valuable consideration, such consideration being specifically acknowledged by each employer signatory to this Agreement, each Employer agrees to all of the provisions of this Article and acknowledges that said contractual

provisions were made for the express, direct and exclusive benefit of the BCA/NJ, a third party beneficiary under this Agreement, an Independent Agreement or any other form of agreement or understanding with any Employer for work covered under this Agreement for the term of this Agreement.

14.90     Due Date for Contribution Payments into Funds

(a)   Contributions for funds established or maintained under the Agreement shall be paid within three days of the end of the weekly payroll period.  Biweekly or monthly payments may be allowed in the discretion of the trustees or administrators of such funds where the Employer complies with such requirements as the trustees or administrators may set as a condition for biweekly or monthly payments.  All such payments shall be made on properly prepared remittance forms prescribed or acceptable to the funds.  Contributions to the training fund, LECET, NJH&S and all check-off funds shall be made in the same manner as other payments due under this Agreement.

(b)   An Employer who is a member of the Building Contractors Association of New Jersey or one of its Affiliated Associations and who has assigned its bargaining rights to the Building Contractors Association of New Jersey and is thereby bound to this Agreement may pay such contributions on a monthly basis, with such contributions being due to the fund(s) on or before the fifteenth day of the month immediately following the month during which the contributions were earned.  In the event that any such Employer becomes delinquent in making

48

49

payments to any fund created or maintained under this Agreement then such Employer shall lose the right to pay contributions on a monthly basis and shall thenceforth pay such benefits in accordance with Section (a) above. This provision shall not operate so as to limit the rights or remedies of the union or funds with respect to delinquencies as set forth elsewhere in this Agreement.

(c)  For purposes of this Article any payment not received on or before the applicable due date set forth hereinabove shall be considered delinquent.

### Article XV: Collection of Amounts Due Under Agreement

**15.10   Right to Strike and Picket for Delinquencies**

If the Union is advised by any benefit or other fund created or maintained under this Agreement that an Employer is delinquent in contributions to the same, or if the Employer is delinquent in the payment of wages to its laborer employees, then the employees and the Union shall have the right to strike and/or picket until the wages, benefit or other fund contributions are paid in full, anything in this Agreement to the contrary notwithstanding. Where a delinquency is due from a subcontractor of the Employer for a project in another local union's territory, the local union where the ongoing project to be struck or picketed shall give the Employer five days written notice before commencing the job action.

If any employee loses employment because of any strike

50

or picketing to protest the failure to make such payments, the Employer shall be responsible to pay all wages and benefits for the time lost. Except for the foregoing the Union and the employees shall have the right to picket for non-payment of wages only when the same are not paid as required on the regular pay day.

**15.20   Legal Remedies for Collection of Delinquencies**

The Trustees or Administrators of any fund due contributions pursuant to this Agreement shall be entitled all rights accorded by law including but not limited to the right to demand, receive, sue for, and take such steps, including the institution and prosecution of or the intervention in any proceeding at law or in equity or in bankruptcy that may be necessary or desirable in their discretion to effectuate the payment and collection of any sum or sums and costs required to be paid to the Welfare, Pension or Annuity Funds under this Agreement.

**15.30   Costs of Collection**

(a)  In addition to the other provisions of this Agreement relating any such funds, in the event the Employer is delinquent in the payment of contributions to the Funds, or wages, the delinquent Employer shall also be required to pay attorneys' fees and court and arbitration costs, if any, whenever the services of an attorney or arbitrator are necessary to recover the amount due. The Union or the Trustees, in their discretion, may also assess the Employer with interest at the current maximum legal rate.

51

(b)   The Attorneys' fees shall be as follows:

WITHOUT SUIT OR ARBITRATION
20% of the first $750.00
15% over $750.00
(Minimum $15.00 each fund)

WITH SUIT OR ARBITRATION
27 ½% of the first $750.00
22 ½% over $750.00
(Minimum $25.00 each fund)

(c)   All disbursements and expenses including arbitration fees are additional.   The foregoing shall apply unless changed by the Board of Trustees of any particular Fund.

(d)   In addition to the above, the fund or funds, as the case may be, may further assess a delinquent Employer for any and all collection costs, court costs, attorneys' fees, telephone and correspondence costs, etc., which the fund or funds incur in collecting or attempting to collect the delinquent payments from the Employer.   The Employer shall be required to pay collection costs and attorneys' fees irrespective of whether or not litigation is commenced.   The Employer shall also pay interest on the amount due but interest may be waived in the discretion of the trustees of the affected funds.

15.40      Protection of Benefits
(a)   Failure on the part of the Employer to pay the benefit fund contributions required pursuant to this Agree-

52

ment for each and all of the employees covered by this Agreement shall impose upon the Employer sole and full responsibility to assume the benefits of the employee(s) and their family(s) are entitled to from such funds.
(b)   The Employer agrees that, after the termination date of the Agreement, he will continue to make contributions to the benefit funds when employing laborers covered hereunder pending the negotiation of a new agreement. The Employer or the BCA/NJ may terminate the obligation set forth under this provision by giving written notice to the Laborers' International Union of North America, Eastern Region office, as representative of the the local unions and district councils bound hereunder, of its intention to do so and the effective date thereof.   All such notices shall be sent by certified mail and may not be effective until received.

15.50      Fund Rights and Duties
(a)   The Trustees of the benefit funds shall have such rights and duties as set forth in the Plans and in the Agreements and Declarations of Trusts and any supplements or amendments thereto, all of which are incorporated herein by reference.

(b)   The Employer agrees to join and concur with the Union in the execution of such petitions, applications, and forms that are required to be filed with the state and federal governmental agencies.

(c)   The Employers agree that the trustees of the fund or funds shall have the right to require such reports by the Employers as are necessary to the fulfillment of the agreements and declarations of trusts and the contracts of

53

insurance, as may apply. The trustees and insurers shall also have the right to inspect at all reasonable times the payroll, employment and such other records of the Employer as are pertinent to questions of the accuracy or comprehensiveness of the reports of the Employer.

(d)  In any event where an Employer is or has been delinquent in the payment of contributions to one or more of the funds established or maintained hereunder the Union and or the trustees shall have the power to require such Employer to post a reasonable cash bond to secure the Employer's future full and prompt compliance with the requirement for such contributions.

### Article XVI: Contractor Liability for Delinquency

16.10     Contractor Liability for Delinquency of Sub-Contractor

If the Employer subcontracts any work covered by this Agreement to any subcontractor or other person, the Employer shall be liable for all contributions owing to the funds established or to be established hereunder in the event the subcontractor or person fails to pay contributions to the said funds for employees covered by this Agreement employed by the said subcontractor or person.

16.20     Employer/Subcontractor Assignment of Payments

If however, the Employer is a subcontractor under this Agreement and becomes delinquent in the payment of

54

any contributions to any funds established or to be established hereunder, the Employer hereby assigns and transfers over all rights, title, and interest in all monies due it from the owner, construction manager, general contractor, any other contractor, or any governmental agency, to the said funds in the amount up to the sum due to the funds. Upon notice by the funds to the owner, construction manager, general contractor, other contractor, or governmental agency, the said owner, construction manager, general contractor, other contractor, or governmental agency shall immediately remit to the funds the amount claimed to be due to the funds. The amounts claimed to be due shall be immediately paid and, if any dispute arises over the amount paid and a refund is alleged to be due to the Employer, the matter may be submitted to arbitration. The funds liability in such case shall be limited to such refund and shall not include any consequential, special, punitive or other damages.

### Article XVII: Subcontracting

17.10     Subcontractors to Become Signatory to Agreement

The Employer agrees that all contractors or subcontractors who are engaged by the Employer to perform work of the kind covered by this Agreement at the site of construction, alteration, painting, demolition, asbestos removal, hazardous waste removal, or repair of a building, structure, or other construction work shall be or shall become a signatory to this Agreement or to become signatory to such other LIUNA affiliated local union having jurisdiction over the work in question. Furthermore, the

55

of the same, and including the decontamination of personal protective equipment, chemical and biological protective clothing, equipment, vehicles, and machinery relating to the above, and further including the erection, moving, servicing, and dismantling of all enclosures, scaffolding, barricades, and the operation of all tools and equipment in connection therewith, including but not limited to bobcats and forklifts, and the labeling, bagging, cartoning, crating, or other packaging of materials for disposal or storage; and the cleanup of the work site and all other work incidental to such remediation and abatement as set forth above, and all work performed within a containment area.

## SP25.03 Hiring

In order to perpetuate the skills required in the remediation and abatement industry as covered by these Special Provisons, when new or additional employees are needed, the Employer agrees to give Laborers Local 1030 the first opportunity to provide such employees and will advise Laborers Local 1030 of the number of workers and the skills required. If Laborers Local 1030 is unable to refer qualified applicants to the Employer within 24 hours after the request, the Employer may then hire persons from other sources, provided the Employer notifies Laborers Local 1030 within two days after hire of the names and addresses of each person so hired outside the Laborers Local 1030 referral procedures.

## SP26.00 Foremen and General Foremen

When six or more laborers are employed, and for every six laborers thereafter employed, a foreman shall be employed. The foreman shall be a working foreman who

64

shall assist and supervise the laborers in their assigned tasks. Once eighteen laborers are employed, a General Foreman shall be employed. The General Foreman shall assist and supervise the foremen and shall not perform any work other than layout and supervision. Foremen and General Foreman shall be designated by the Business Manager.

## SP 27.00 Wages and Benefits

Wages and benefits shall be paid as follows:

|  | 5/1/02 | 5/1/03 | 5/1/04 |
|---|---|---|---|
| Wages | $22.50 | 23.05 | 23.60 |
| Welfare | 3.80 | 4.00 | 4.20 |
| Pension | 3.60 | 3.80 | 4.00 |
| Annuity | 2.95 | 3.10 | 3.25 |
| Training* | .24 | .34 | .44 |
| LECET | .10 | .15 | .20 |
| Health & Safety | .05 | .05 | .05 |
| Checkoffs: |  |  |  |
| LEROF | .15 | .20 | .25 |
| NJSLPAC | .10 | .10 | .10 |
| Working Dues | 5% | 5% | 5% |

Wage and Benefit Reopener: This contract may be reopened upon notice by either the Union or the BCANJ to negotiate wages and benefits for the years 2005 through the end of this Agreement. The Employer signatory to this Agreement agrees to be bound by the wages and benefits negotiated by and between the BCANJ and the Unions and that such wages and benefits shall be incorporated into this Agreement

*The employer contribution to the BCANJ Construc-

65

# Exhibit B

# New Jersey Building Laborers Statewide Benefit Funds

3218 Kennedy Blvd., Jersey City, NJ  07306     Phone: (201) 963-0633     FAX: (201) 963-1563

## Employer Trade Agreement Report

Name: **JRC CONSULTING GROUP, LLC**
Address: **102 MICHAELS COURT**
**HAMMONTON, NJ  08037**

EIN: **90-0886525**
Phone: **(201) 483-9155**
Fax: **(201) 483-9156**

### Trade Agreement History

| Trade Agmt | Start | End | Expire | Received | Org | Signed By | Title |
|---|---|---|---|---|---|---|---|
| INDEP-2016 | 5/1/2013 | 4/30/2016 | | 10/23/2014 | 3 | Lisa Colucci | Owner |

### Trade Agreement Image

10/27/2014  10:27    9083547889              LOCAL 3                          PAGE  02/04



## Short Form Agreement

### Building, Site and General Construction Agreement

The undersigned Employer, desiring to employ laborers from the New Jersey Building Construction Laborers Local Unions and New Jersey Building Construction Laborers District Council affiliated with the Laborers International Union of North America, hereinafter the "Unions," and being further desirous of building, developing and maintaining a harmonious working relationship between the undersigned Employer and the said Unions in which the rights of both parties are recognized and respected, and the work accomplished with the efficiency, economy and quality that is necessary in order to expand the work opportunities of both parties, and the Unions desiring to fulfill the undersigned Employer's requirements for construction craft laborers, the undersigned Employer and Unions hereby agree to be bound by the terms and conditions as set forth in the May 1, 2013 Building, Site and General Construction Collective Bargaining Agreement, which Agreement is incorporated herein as if set forth in full. This Short Form Agreement is not a one job agreement.

Agreed to   _10 , 23 , 14_

For the Employer:

_JRC Consulting Group, LLC._
Print Name of Employer
EIN: _# 90-0886525_

Signature of Authorized Representative or Agent
_Lisa Colucci_          _owner_
Print Name                         Title
_660 Oradell Avenue_
Print Street Address
_Oradell, NJ 07649_
Print City, State, Zip Code
_201-336-2270(c)_    _201-483-9156(F)_
Telephone Number          Fax Number
E-Mail: _newlibertyconstruction@live.com_

For the Unions:

Local Union Field Representative Signature
_Chris Cujova_          _3_
Print Name of Field Representative          Local Union Number

# Exhibit C

Section 16. **INFORMATION TO PARTICIPANTS AND BENEFICIARIES.** The Trustees shall provide participants and beneficiaries such information as may be required by law.

Section 17. **ACCOUNTANTS AND ACTUARIES.** The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

Section 18. **RECIPROCITY AGREEMENTS.** The Trustees may, in their sole discretion, enter into such reciprocity agreement or agreements with other pension plans as they determine to be in the best interests of the Fund, provided that any such reciprocity agreement or agreements shall not be inconsistent with the terms of this Trust Agreement.

## ARTICLE V

### Contributions to the Fund

Section 1. **RATE OF CONTRIBUTIONS.** In order to effectuate the purposes hereof each Employer shall contribute to the Fund the amount required by any Collective Bargaining Agreement or other written agreement requiring contributions to the Fund. The rate of contribution shall at all times be governed by the Collective Bargaining Agreement or other Fund-approved agreement then in force and effect, together with any amendments, supplements or modifications thereto. Notwithstanding the foregoing, in the event that an Employer is required by applicable law to contribute to the Fund despite the expiration of the Employer's

-18-

Collective Bargaining Agreement, that obligation to contribute shall be deemed to also arise under this Trust Agreement.

Section 2. **EFFECTIVE DATE OF CONTRIBUTIONS.** All contributions shall be made effective as required by the Collective Bargaining Agreement or other Fund-approved agreement and shall continue to be paid as long as the Employer is so obligated by such agreement or by applicable law.

Section 3. **MODE OF PAYMENT.** All contributions shall be payable and due to the Pension Fund on a monthly basis. and shall be paid in the manner and form determined by the Trustees. More specifically, the contributions owed for each month shall be due on the twentieth (20th) day of the following month.

Section 4. **DEFAULT IN PAYMENT.** If an Employer fails to make contributions to the Fund when due, the Employer shall be in default and the Trustees, in their discretion, may require the Employer to pay interest on all past due contributions at the rate of one and one-half percent (1 ½%) compounded per month (or such lesser amount as they may set) from the date when the contributions were due until the date paid. Further, the Trustees, in their discretion, may require such a defaulting Employer to pay an additional amount equal to twenty percent (20%) of the unpaid contributions as liquidated damages as authorized by applicable federal law. In addition, the Trustees, in their discretion, may require such a defaulting Employer to pay the expenses incurred by the Fund in collecting contributions, interest or damages, which expenses may include attorneys' and accountants' fees. The Trustees may take any action necessary or appropriate to

-19-

enforce payment of the contributions, interest, damages, and expenses provided for herein, including, but not limited to, proceedings at law or in equity.  The Fund and Trustees shall not be required to exhaust any grievance or arbitration procedure provided by a Collective Bargaining Agreement or otherwise with respect to the enforcement of such Employer obligations, but rather shall have immediate access to the courts, as provided under applicable law, or to designate a permanent arbitrator to hear and determine collection disputes.  The default of an Employer shall not relieve any other Employer of his obligation to the Fund.

**Section 5. REPORTS AND AUDITS.**  Each employer shall submit to the Fund all reports and documents as the Trustees deem necessary or appropriate to collect or verify contributions.  Each Employer, at the request of the Trustees, shall submit to an audit of the appropriate records of the Employer to verify that the correct amount of contributions or other payments due the Fund has been or will be paid.  Such an audit may include records relating to employees not covered by the Fund to the extent necessary or appropriate to verify contributions.  No use shall be made of information gathered during an audit other than uses relating to administration of the Fund.

**Section 6. PRODUCTION OF RECORDS.**  Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose.  The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed

-20-

necessary to advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union and its Affiliates shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 7. **REFUND OF CONTRIBUTIONS.** In no event shall any Employer, directly or indirectly, receive any refund on contributions made by it to the Fund (except in case of a bona fide erroneous payment or overpayment of contributions, to the extent permitted by law), nor shall an Employer directly or indirectly participate in the disposition of the Fund or receive any benefits from the Fund. Upon payment of contributions to the Fund, all responsibilities of the Employer for each contribution shall cease, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obligated to see to the application of any funds or property of the Fund or to see that the terms of the Trust Agreement have been complied with.

## ARTICLE VI

### Plan of Benefits

Section 1. **ESTABLISHMENT OF PLAN.** The Trustees shall formulate and adopt a written plan or plans for the payment of such retirement or pension benefits, death benefits, and related benefits, as are feasible.. The formulation and design of the Pension Plan is committed to the sole discretion of the Trustees, subject only to the requirements that the Pension Plan comply at all times with applicable federal law and regulations and that no provision of the Pension Plan

the Trustees.  All other expenses incurred pursuant to Article IV hereof shall be paid by the Fund.

IN WITNESS WHEREOF, the undersigned do hereunto cause this instrument to be duly executed on the day and year first above written.

For the International Union

BY: _____
RAYMOND M. POCINO

For the Employers

BY: _____
JACK KOCSIS, JR.

Union Trustees

BY: _____
RAYMOND M. POCINO

BY: _____
PATRICK C. BYRNE

Employer Trustees

BY: _____
JOSEPH NATOLI

BY: _____
JACK KOCSIS, JR.

# Exhibit D

STATE OF NEW JERSEY
In the Matter of the Arbitration between

NEW JERSEY BUILDING LABORERS'      )       **CONSENT ARBITRATION AWARD**
STATEWIDE BENEFIT FUNDS and the    )              **AND ORDER**
TRUSTEES THEREOF,                  )
                                   )
     -AND-                         )
                                   )
JRC CONSULTING GROUP, LLC          )
                                   )
                                   )

BEFORE:      J.J. Pierson, Esq.
             Arbitrator

This matter being opened to J.J. Pierson, Esq., Arbitrator, by Kroll Heineman Carton, LLC attorneys for the New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof (collectively "the Funds") and JRC Consulting Group, LLC ("Employer) having consented to the entry of this Consent Arbitration Award and Order ("Award and Order"); and given that the Employer is bound to a Collective Bargaining Agreement ("CBA") with the New Jersey Building Construction Laborers District Council and its Local Unions; and given that the Employer is delinquent in the payment of fringe benefit contributions required under the CBA to the Funds; and given that the Funds have used reasonable, diligent and systematic efforts to collect the delinquency; and given that the execution of this Award and Order will effectuate the collection of such monies; it is therefore AWARDED and ORDERED that:

1.     The Employer is delinquent to the Funds for fringe benefit contributions, associated union dues, checkoff contributions, and interest for the period:  Audit period October 23, 2014 through September 30, 2017 ($58,543.16 in audit principal, $4,782.87 in interest), in

1

the amount of **$63,326.03** ("Total Audit Delinquency").  A summary of the audit findings is attached hereto as Exhibit A.

2.      The Employer shall pay the Total Audit Delinquency as follows: in accordance with the Consent Arbitration Award and Order Installment Schedule, attached hereto as Exhibit B and incorporated by reference as though set forth at length herein.  Failure to make a payment as scheduled in Exhibit B shall be a Default of this agreement, as described below in paragraph 5.

3.      Payments shall be made via checks payable to the "New Jersey Building Laborers' Statewide Benefit Funds."  Payments shall be sent to the office of Counsel for the Funds - Kroll Heineman Carton, LLC, 99 Wood Avenue South, Suite 307, Iselin, New Jersey 08830.

4.      The Employer shall retain the ability to prepay the principal amount due at any time.  Interest will not be due for those amounts paid in advance.

5.      In the event the Employer fails to make payment when due as described above, such failure shall be deemed a violation of this Award and Order, and the Employer shall be in Default.  Additionally, from the date of this agreement, should the Funds be party to any arbitration in which an award is entered, finding the Employer delinquent in the payment of fringe benefits to the Funds, the Employer shall be in Default.  Upon Default, the Funds shall notice Employer of the Default by letter sent via regular mail and electronic mail.  The Employer shall have five (5) days from the date the Notice of Default is sent to cure its Default by paying all monies then due, under this Award and Order, and by paying any arbitration awards entered after this Award and Order.  If the Employer does not cure its Default, the Funds shall have the right to submit this Award and Order to the United State District Court for the District of New

2

Jersey for confirmation and entry of judgment in favor of the funds and against the Employer in the amount due under this Award and Order, minus any amounts already paid.  Further, pursuant to the CBA's terms regarding collection of fringe benefit delinquencies, the Funds shall also be entitled to any amounts which have been forgone for purposes of this Award and Order, including liquidated damages and attorneys' fees.

6.     The entry of this Award and Order does not constitute a waiver of any of the rights or remedies of the parties under the CBA or applicable law. This includes but is not limited to, the Funds' right to perform compliance audits of the Employer's fringe benefit payments, with the exception of this Audit Period, and to collect any amounts found owing pursuant to the CBA.

7.     This Award and Order may be executed in counterparts, copies, or other such duplicate versions. Signatures provided by one party to the other party by facsimile or electronic PDF shall have the same force and effect as original signatures.

8.     The Arbitrator retains jurisdiction in the event of any dispute of any nature concerning the interpretation or application of this Award and Order.

3

*<< signature page>>*

We hereby consent to the entry of this Award and Order.

NEW JERSEY BUILDING LABORERS'          JRC CONSULTING GROUP, LLC
STATEWIDE BENEFIT FUNDS
AND THE TRUSTEES THEREOF

By: _____              By: _____
     Kimberly Kemple

Dated: _10_ / _30_ ___, 2018              Dated: _10/20_ ___, 2018


ARBITRATOR, J.J. PIERSON, ESQ.


By: _____
     J.J. Pierson

Dated: _10/30_ , 2018

4

**Exhibit A: NJBLSWBF v. JRC Consulting Group, LLC - Consent Arbitration Award Installment Schedule (10/16/2018)**

| Delinquency | Period: | Amount Due | | | | |
|---|---|---|---|---|---|---|
| 63,326.03 | Audit 10.23.14-9.30.17 | $63,326.03 | | | | |
| | | $ 63,326.03 | | | | |
| | | | | | | |
| Payment Date | Amount Due | Interest @ .0075%/ month (9% per year) | Total Due | Payment Made | Remaining Amount Due | |
| | | | | | | |
| 10/25/2018 | $ 63,326.03 | $ 474.95 | $ 63,800.98 | $ 6,103.30 | $ 57,697.68 | |
| 11/25/2018 | $ 57,697.68 | $ 432.73 | $ 58,130.41 | $ 6,103.30 | $ 52,027.11 | |
| 12/25/2018 | $ 52,027.11 | $ 390.20 | $ 52,417.31 | $ 6,103.30 | $ 46,314.01 | |
| 1/25/2019 | $ 46,314.01 | $ 347.36 | $ 46,661.37 | $ 6,103.30 | $ 40,558.07 | |
| 2/25/2019 | $ 40,558.07 | $ 304.19 | $ 40,862.25 | $ 6,103.30 | $ 34,758.95 | |
| 3/25/2019 | $ 34,758.95 | $ 260.69 | $ 35,019.64 | $ 6,103.30 | $ 28,916.34 | |
| 4/25/2019 | $ 28,916.34 | $ 216.87 | $ 29,133.22 | $ 6,103.30 | $ 23,029.92 | |
| 5/25/2019 | $ 23,029.92 | $ 172.72 | $ 23,202.64 | $ 6,103.30 | $ 17,099.34 | |
| 6/25/2019 | $ 17,099.34 | $ 128.25 | $ 17,227.59 | $ 6,103.30 | $ 11,124.29 | |
| 7/25/2019 | $ 11,124.29 | $ 83.43 | $ 11,207.72 | $ 6,103.30 | $ 5,104.42 | |
| 8/25/2019 | $ 5,104.42 | $ 38.28 | $ 5,142.70 | $ 5,142.70 | $ 0.00 | |
| | | | | | | |
| Total | | $ 2,811.39 | | $ 66,175.70 | | |

# Exhibit E



Metro Corporate Campus I
99 Wood Avenue South
Suite 307
Iselin, New Jersey 08830
Tel: 732-491-2100
Fax: 732-491-2120

**ATTORNEYS**
Albert G. Kroll *
Raymund G. Heineman, Jr. ◗
Michael T. Carton ▪
Bradley M. Parsons
Seth Ptasiewicz ◗
Jennifer Chang ▲
Seth B. Kennedy ▲

A New Jersey Limited Liability Company

www.krollfirm.com

**BAR ADMISSIONS**
† NJ & PA Bar
▲ NJ & NY Bar
* NJ  PA & DC Bar
▪ NJ, NY & DC Bar
◗ NJ, NY & PA Bar

October 22, 2019

**VIA EMAIL & CERTIFIED MAIL/R.R.R.**
JRC Consulting Group, LLC
102 Michaels Court
Hammonton, NJ 08037
Attn: Lisa Colucci

Re: **New Jersey Building Laborers' Statewide Benefit Funds v. JRC Consulting Group, LLC, NOTICE OF DEFAULT**

Dear Ms. Colucci:

This Firm represents the New Jersey Building Laborers' Statewide Benefit Funds ("Funds") in connection with the above-referenced matter. Pursuant to the Consent Arbitration Award and Order ("CAA") executed between the Funds and JRC Consulting Group, LLC ("JRC"), JRC was obligated to pay $66,175.70 in eleven monthly payments. At this time, a balance of $14,148.80 remains outstanding.

Pursuant to paragraph Five (5) of the CAA, this letter serves as notice that JRC is in default of the CAA for non-payment. Pursuant to the CAA, absent payment of **$14,148.80** within five (5) days of receipt of this notice, the Funds may proceed with a lawsuit for enforcement of this CAA in a Court of competent jurisdiction

Please contact me to discuss resolution.

Very truly yours,

JENNIFER CHANG

JC:jc

cc:    NJBLSBF (via email)

